# Richmond

## ANDRA EUGENE RICKS V. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 770009.

Present: All the Justices.

*Stanley G. Barr, Jr. (Canoles, Mastracco, Martone, Barr & Russell,* on brief) for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief) for defendant in error.

COMPTON, J., delivered the opinion of the Court.

This criminal appeal stems from convictions based on circumstantial evidence. The Commonwealth's case hinged on proof that defendant's fingerprint was found on a jar at the scene of the crimes. The sole issue presented is the sufficiency of the evidence to establish the defendant as the criminal agent.

Andra Eugene Ricks was convicted by the trial court sitting without a jury on a two-count indictment for statutory burglary, Code § 18.2-91, and grand larceny, Code § 18.2-95. He was sentenced September 8, 1976 to separate four-year terms in the penitentiary on each charge, the sentences to run concurrently.

On May 14, 1976 about 6:00 a.m., Deborah Smith "secured" her home in the city of Norfolk and went to work. Upon her return later that day about 5:30 p.m., Smith discovered the dwelling "had been broken into" and that several articles of personal property were missing. Among the items stolen were all the "pennies" which had filled "a big fat applesauce jar" located in her bedroom.

In the course of an investigation conducted at the scene shortly after discovery of the crimes, the police found only one

"comparable" fingerprint, which was detected on the jar. The print was later identified as that of Ricks, who lived within several hundred yards of the victim's home. When interrogated by the police about his knowledge of the crimes, Ricks stated "he had never been in the house" in question.

The victim testified that prior to the day of the offenses, she knew the defendant, but not "personally." She stated she had seen him in her neighborhood and that she "knew" him "[f]rom the first offense when my house was broken into."

Testifying as the only defense witness, Ricks stated that in January of 1976 he was arrested for breaking and entering this same dwelling and that he later plead guilty to a charge of trespass arising from that incident. He said that while in the house on that day he saw the applesauce jar containing money in the victim's bedroom, that he "touched" the jar intending to remove its contents, and that he "put the jar back down" without taking the money when he heard the victim's mother approaching the house. Defendant denied being in the victim's house or bedroom at any time other than in January of 1976.

Defendant contends the trial court erred in failing to sustain his motion to strike made at the conclusion of the Commonwealth's case and in failing to sustain his motion for acquittal made at the close of all the evidence. He argues that the Commonwealth's case-in-chief merely disclosed that defendant's print was found on a jar in the victim's bedroom and that the contents of the jar were removed on the day of the crimes. He asserts the Commonwealth failed to prove that the object on which the defendant's fingerprint was found was "(1) generally inaccessible to [defendant] and (2) that the print was made at the time" the crimes were committed. The defendant further contends that the motion for acquittal should have been granted because "defendant by his own testimony offered credible evidence to establish that not only did he have access to the jar in January of 1976, but that he also could have put the fingerprint on it at that same time." We reject these contentions and affirm.

■ Recently, in *Turner* v. *Commonwealth*, 218 Va. 141, 235 S.E.2d 357 (1977), we reviewed the role of fingerprint evidence in establishing criminal agency. There we affirmed a conviction in which defendant's fingerprint was impressed in blood on a flashlight found at the scene of a brutal murder. Applying the

principles set forth in *Avent* v. *Commonwealth*, 209 Va. 474, 164 S.E.2d 655 (1968), we said that "while defendant's fingerprint found at the scene of the crime may be sufficient under the circumstances to show defendant was there at *some time,* nevertheless, in order to show defendant was the criminal agent, such evidence must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." 218 Va. at 146, 235 S.E.2d at 360. Quoting from *Lawless* v. *State,* 3 Md. App. 652, 658-59, 241 A.2d 155, 159-60 (1968), we said these "other circumstances" are not required to be " 'circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed.' " *Id.* We pointed out that when such attendant circumstances demonstrate the accused was present at the scene of the crime when it was committed, "a rational inference arises that the accused was the criminal agent." *Id.* The evidence of the Commonwealth in this case meets the foregoing requirements.

■ The trial judge stated on the record that he "simply" [could not] accept" defendant's testimony that defendant had touched the jar in question during the January trespass. The court reasoned that such testimony was worthy of no credit in view of defendant's statement to the police that he had never been in the Smith dwelling. That statement, the judge noted, was "disproven by the uncontradicted evidence" of the fingerprint which established defendant's presence there at some time. The court below, sitting without a jury, was justified in making such a factual determination, especially since a reasonable inference from the Commonwealth's evidence was that the jar, although a readily moveable object, had remained in the victim's bedroom during all times material to this case, and thus could not have been touched by defendant unless he was actually in that room.

Having decided, contrary to defendant's contention, that the trial court was warranted in discrediting defendant's testimony, we examine the sufficiency of the Commonwealth's evidence. Defendant's fingerprint was found at the scene of the crimes. The print was on an object which was stored in the bedroom of a

private home, a place not accessible to the public in general or the defendant in particular, and a place where the defendant had no right to be. Thus, evidence of the print has been coupled with evidence of "other circumstances" which tend to reasonably exclude the hypothesis that the fingerprint was impressed at a time other than during commission of the crimes. The evidence of the print and the attendant facts demonstrate the accused was present at the scene when the crimes were committed. Consequently, a rational inference arises which permits the trier of fact to find that the accused was the criminal agent.

■ Defendant argues that, even if his evidence is discredited, the victim's testimony that she "knew" defendant from "the first offense when my house was broken into" is sufficient to support the hypothesis that the print was impressed on the jar in January and not May, thus requiring the Commonwealth to go further than it did in negating such idea. We do not agree. As we said in *Turner, supra,* the hypotheses which the prosecution must reasonably exclude are those which flow from the evidence itself. 218 Va. at 148, 235 S.E.2d at 361. Even taken in its most favorable light from the defendant's standpoint, the victim's statement is no more than an assertion that defendant was in some way involved with an earlier break-in at her home. Standing alone, the statement will not support a theory that defendant either was in her bedroom or touched the jar on the prior occasion, and the Commonwealth had no duty to go further than it did in negating such hypothesis of innocence.

■ Finally, defendant places great reliance on *Borum* v. *United States,* 380 F.2d 595 (D.C. Cir. 1967). In that case, Borum's conviction of housebreaking was reversed by a divided panel of the circuit court. The defendant's fingerprints were found on one of two empty jars which had contained a valuable coin collection. The coins were stolen during the break-in, along with other items of personal property. The Government's evidence placed Borum within a mile and a half of the victim's home near the time of the crime. The court found there was no evidence, either direct or circumstantial, which showed that Borum touched the jars in the course of the housebreaking. It pointed out that one of the witnesses for the prosecution testified that Borum's fingerprints could have been on the jars " 'indefinitely' " and another agreed that the prints could have been on the jars " 'for a period of . . . years.' " 380 F.2d at 596.

The court further pointed out that the "Government introduced no evidence which could account for, or even suggest an inference about, the custody or location of the jars during that period." *Id.*

We are not persuaded by *Borum;* a mere statement of its facts distinguishes it from this case. The Commonwealth here *did* establish by inference the custody and location of the jar during the relevant period of time; the prosecution's evidence here *did* indicate that the accused touched the jar on the day of the crimes; and there was here *no* evidence that the fingerprint could have been on the jar indefinitely or for a period of years.

The convictions of the defendant will therefore be

*Affirmed.*

POFF, J., dissenting.

I would reverse the judgment. The Commonwealth failed to discharge its burden of proving prior inaccessibility.

At the time the parties rested, two items of evidence tending to show prior *accessibility* had been adduced, one by the defendant and the other by the Commonwealth. I agree that the trial court was justified in discarding the former as unreliable. But the latter, the testimony of the victim of the two criminal offenses, was altogether reliable.

In *Turner* v. *Commonwealth*, 218 Va. 141, 235 S.E.2d 357 (1977), cited by the majority, the defendant claimed that the Commonwealth had failed to exclude a reasonable hypothesis of prior accessibility. Rejecting that claim, we held that, in order to satisfy the standard of reasonableness, the hypothesis must "flow from the evidence itself, and not from the imagination of defendant's counsel." *Id.* at 148, 235 S.E.2d at 361. Here, defendant's hypothesis, though based in part upon his own self-serving, self-contradictory testimony, was supported by the uncontradicted testimony of the principal prosecution witness. Surely, such evidence satisfies the *Turner* test and activates the Commonwealth's "duty to negate" the hypothesis. *Id.* at 149.