COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


SHAWN D. GRANGER
                                            OPINION BY
v.   Record No. 1642-94-2        CHIEF JUDGE NORMAN K. MOON
                                            JULY 18, 1995
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

        Christopher J. Collins for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Shawn D. Granger appeals his malicious wounding and robbery

convictions. He contends that the Commonwealth's evidence, which

consisted of his fingerprints on a liquor bottle that was

apparently used to strike the victims, was insufficient to support

the conviction. We agree and reverse.

     The Commonwealth's evidence, which was wholly circumstantial,

was as follows. On May 2, 1993, at approximately 1:00 a.m.,

Russell Skinner and a companion were returning from a convenience

store to his companion's apartment when Skinner was struck in the

head from behind. As he was hit, Skinner heard the sound of glass

breaking. Skinner was found by police officers in a pool of

blood. The officers also found a broken half-gallon Canadian Mist

bottle within two feet of Skinner's head. At least five

fingerprints found on the bottle matched Granger's prints. Human

blood was also found on part of the broken bottle but not in

quantity sufficient for complete serology. After arriving at the hospital, Skinner discovered that $150 was missing from his pants pocket.

When the evidence is wholly circumstantial, as here, "[a]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987) (citations omitted).

The Commonwealth's circumstantial evidence does not exclude the hypothesis that Granger may have handled the bottle for an innocent purpose before the robbery. At best, the Commonwealth's case only proved that Granger once handled the bottle. The print evidence does not show when Granger handled the bottle or that he handled it at the scene of the crime. Moreover, Granger's prints were found on the handle and body of the half-gallon bottle, a location not inconsistent with someone holding the bottle to pour from it. Other than the fingerprints on the bottle, there was no "evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." Avent v. Commonwealth, 209 Va. 474, 480, 164 S.E. 655, 658 (1968).

The facts of this case are inapposite to Avent, Turner v. Commonwealth, 218 Va. 141, 235 S.E.2d 357 (1977), and Parrish v. Commonwealth, 17 Va. App. 361, 437 S.E.2d 215 (1993), relied upon by the Attorney General. In each of those cases, there was "evidence of other circumstances tending to reasonably exclude the

- 2 -

hypothesis that the print[s] were impressed at a time other than that of the crime."  <u>Turner</u>, 218 Va. at 146, 235 S.E.2d at 360.

Accordingly, we hold that under the circumstances of this case, the evidence was insufficient to support the convictions. The convictions, therefore, are reversed.

<u>Reversed and dismissed.</u>