COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and Senior Judge
Duff       Argued at Alexandria, Virginia


WILLIAM LEE TYLER
                                              OPINION BY
v.      Record No. 0364-95-4          JUDGE CHARLES H. DUFF
                                            JUNE 11, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Donald M. Haddock, Judge

          Thierry Barston (James C. Love, IV; Love,
          Kielsgard & Associates, on brief), for
          appellant.

          Thomas C. Daniel, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     William Lee Tyler (appellant) was convicted of burglary and

grand larceny.  On appeal, appellant contends that the evidence

of his finger and thumb prints, found on both sides of pieces of

the store's broken window glass, was insufficient to sustain his

convictions.  We disagree and affirm the trial court's judgment.

                              I.

     On September 4, 1993, at approximately 2:30 p.m., Roger

Wall, owner of Granny's Place children's clothing stores, locked

and left the warehouse store located on Fairfax Avenue in

Alexandria.  The store's plate glass window was intact at that

time.  Wall returned to the store the next morning after he was

contacted about a break-in there.  Upon his return, Wall saw that

the plate glass window had been broken.  Wall determined that

clothing, valued at $4400, was missing from the store.

A police evidence technician recovered numerous latent fingerprints from pieces of broken glass "laying right at the base of the window where it was broken." The evidence technician discovered pieces of glass containing fingerprints, outside and inside of the business. On most of the "lifts," he discovered fingerprints on both sides of a piece of glass, "as if someone had picked it up . . . and set it aside."

A latent fingerprint examiner compared the latent fingerprints with known fingerprints of appellant and determined that appellant's fingerprints were on the pieces of broken glass.[1] Appellant was not an employee of the store and did not conduct business with the store.

## II.

The issue presented on appeal is the sufficiency of the evidence to establish appellant as the criminal agent. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To establish a defendant's criminal agency, evidence that his fingerprint was found at the scene of a crime "'"must be coupled with evidence of other circumstances tending to

---

[1] When asked at trial by the court to state how many points of comparison she found between the latent prints and appellant's known prints, the examiner testified that in one of the exhibits she counted seventy-five points of comparison.

reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime."'" Avent v. Commonwealth, 209 Va. 474, 479, 164 S.E.2d 655, 659 (1968) (citations omitted). The other circumstances, however, need not be totally independent of the fingerprint itself and "'may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed.'" Id. (citation omitted).

In Avent, the defendant's fingerprint was found on a piece of glass which had fallen from a window, located seven feet off the ground, into the burglarized store. Avent presented no evidence to explain the presence of his fingerprint.

The Virginia Supreme Court affirmed Avent's burglary conviction, holding that:

> "A latent fingerprint found at the scene of the crime, shown to be that of an accused, tends to show that he was at the scene of the crime. The attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed. If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, that the accused was the criminal agent."

Id. at 479-80, 164 S.E.2d at 659 (citation omitted). The Court held that the mode of entry into the store, the inaccessibility of the window to the public, and the fact that Avent was not an employee of the store and had no business in or around the store,

provided "a rational inference that defendant was there unlawfully, and there was no evidence to the contrary."  Id. at 480, 164 S.E.2d at 659.

In Turner v. Commonwealth, 218 Va. 141, 235 S.E.2d 357 (1977), the Supreme Court affirmed burglary and murder convictions where the defendant's fingerprint was found, impressed in blood, on a flashlight in the murdered woman's bedroom.  The defendant had denied to the police that he knew anything about the crimes and told them they would find nothing with his fingerprints at the crime scene.  Id. at 144, 235 S.E.2d at 359.  Following Avent, the Court in Turner held that the evidence was sufficient to establish Turner's criminal agency. The Court noted that the "significant fact" in the case was that a crime of violence was involved and the fingerprint was impressed in blood.  Id. at 147, 235 S.E.2d at 360.

The same year that Turner was decided, the Court, in Ricks v. Commonwealth, 218 Va. 523, 237 S.E.2d 810 (1977), affirmed the burglary and grand larceny convictions of a defendant whose fingerprint was found on an applesauce jar, which had contained pennies, located in the bedroom of the burglarized home.  Ricks told the police that he had never been in the victim's house.  At trial, Ricks testified that he had touched the jar when he had trespassed in the house several months prior to the burglary. Id. at 525, 237 S.E.2d at 811.

The Court noted that the fingerprint was found on an object

-4-

which was stored in the bedroom of a private home, a place inaccessible to the public in general and Ricks in particular. "Thus, evidence of the print has been coupled with evidence of 'other circumstances' which tend to reasonably exclude the hypothesis that the fingerprint was impressed at a time other than during the commission of the crimes." Id. at 527, 237 S.E.2d at 812. The Court held that the fingerprint and attendant facts established that Ricks was at the scene when the crimes were committed, giving rise to the rational inference that Ricks was the criminal agent. Id.

In Parrish v. Commonwealth, 17 Va. App. 361, 437 S.E.2d 215 (1993), we affirmed the robbery conviction of a defendant whose palm print and thumb prints were found on a bank deposit slip which had been attached to money in a deposit bag stolen from the restaurant manager as he attempted to leave the restaurant to make a deposit. Laboratory analysis of the deposit slip revealed that Parrish's left and right thumb prints were on the front of the slip and a partial left palm print was on the back.

We noted that Parrish's palm print on the back of the deposit slip could only be explained if pressure had been applied to the back of the document. We held that the jury could infer that some solid object must have been behind the deposit slip when the palm print was left and that the solid object was the roll of stolen money. Id. at 365, 437 S.E.2d at 217.

We concluded that the "unexplained circumstances of the

placement of the palm print on the bank deposit slip and the two thumb prints on the front within such a short time after robbery were sufficient for a rational finder of fact to conclude beyond a reasonable doubt that Parrish was the robber."[2]  Id. at 365, 437 S.E.2d at 218.

III.

The instant case is analogous to Avent.  Appellant's fingerprints were found on both sides of individual pieces of broken glass from the window.  The glass fragments containing appellant's prints were found inside and outside of the business.[3]  Most of the latent "lifts" showed the prints of fingers on one side of the glass piece and a thumb print on the other.  Thus, appellant unquestionably handled the glass pieces after the breaking occurred.

As in Avent, appellant was not employed by the store and had no business dealings there.  As in Avent, appellant presented no evidence to explain the presence of his fingerprints.

This case also is similar to Parrish.  While the timing of the crimes in this case was not determined with the precision in Parrish, as in Parrish, the unexplained placement of appellant's

_____

[2]The victim in Parrish testified that from the time he was robbed until the police returned to him with the deposit slip was thirty to forty-five minutes.

[3]While the evidence technician could not state which specific glass fragments containing prints were located inside the store and which ones were found outside of the store, he testified that he found fragments containing latent prints both outside and inside of the business.

-6-

thumb and fingerprints on both sides of the glass pieces found inside and outside the store provided sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that appellant committed the crimes.

Moreover, this case, where prints were found on both sides of glass fragments, is unlike Granger v. Commonwealth, 20 Va. App. 576, 459 S.E.2d 106 (1995). There, we reversed the robbery conviction of a defendant whose fingerprints on the liquor bottle used to injure the victim provided the only evidence of his guilt. We noted that Granger's fingerprints were located "on the handle and body of the half-gallon bottle, a location not inconsistent with someone holding the bottle to pour from it." Id. at 578, 459 S.E.2d at 106-07. We stated that the evidence did not establish when Granger had touched the bottle or that he touched it at the scene of the crime. Id. at 578, 459 S.E.2d at 106. Thus, the evidence did not "exclude the hypothesis that Granger may have handled the bottle for an innocent purpose before the robbery." Id. at 577, 459 S.E.2d at 106.

Here, however, no reasonable hypothesis of innocence flowed from the evidence before the trial court. Thus, the court did not err when it found sufficient evidence to convict appellant of the burglary and larceny charges.

We affirm the judgment of the trial court.

Affirmed.