COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Elder and Senior Judge Cole
Argued at Richmond, Virginia


KEITH S. DAVIS
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0044-96-2            JUDGE LARRY G. ELDER
                                      SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge


Christopher J. Collins for appellant.

Steven A. Witmer, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Brian Wainger, Assistant Attorney General, on
brief), for appellee.


Keith S. Davis (appellant) appeals his convictions for breaking and entering, in violation of Code § 18.2-91, and grand larceny, in violation of Code § 18.2-95.  Appellant contends that the evidence of his fingerprint on a pane of window glass was insufficient to sustain his convictions.  We disagree and affirm the trial court's judgment.

On April 7, 1994, at approximately 9:00 p.m., the occupants of an apartment in Henrico County returned to their residence after a four to five hour absence.  The occupants discovered that a kitchen window pane was missing, their back door was slightly ajar, and several items had been taken from their apartment.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

An Henrico County Police investigator arrived at the apartment at 10:30 p.m. that night. After unsuccessfully attempting to locate latent fingerprints in the apartment and at the point of forced entry, the investigator searched the immediate area. He discovered a sheet of glass lying a short distance behind the apartment near a row of trees. The unbroken glass pane appeared to be the pane removed from the apartment window, which was approximately five and one-half feet from the ground. A latent fingerprint on the glass matched appellant's prints.

The occupants did not know appellant nor had he ever been a guest in their residence.

At a bench trial on August 16, 1995, the trial court found appellant guilty of breaking and entering and grand larceny. Appellant appeals his convictions to this Court.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

> To establish a defendant's criminal agency, evidence that his fingerprint was found at the scene of a crime must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime. The circumstances, however, need not be totally independent of the fingerprint itself and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of

            the general public to the object on which the
            print was impressed.

Tyler v. Commonwealth, 22 Va. App. 480, 482, 471 S.E.2d 772, 773
(1996)(quotations and citations omitted).

    In this case, police found appellant's fingerprint on a pane
of glass approximately fourteen feet behind the apartment.
Appellant unquestionably handled the pane of glass.  The pane
matched the description of the pane of glass removed from the
apartment window.  Additionally, the apartment's occupants did
not know appellant nor had appellant ever been a guest in their
apartment.  Finally, the apartment's five foot high kitchen
window was not easily accessible to the public.  In light of
these facts, appellant's unexplained fingerprint on the glass
"provided sufficient evidence for a rational fact finder to
conclude beyond a reasonable doubt that appellant committed the
crimes."  Id. at 485, 471 S.E.2d at 774.

    The holding in this case follows a long line of cases in
which appellate courts of this Commonwealth have held that
fingerprint evidence along with other suspicious circumstances
may be sufficient to support a conviction for burglary or
robbery.  In Avent v. Commonwealth, 209 Va. 474, 479-80, 164
S.E.2d 655, 659 (1968), the Supreme Court stated:

            A latent fingerprint found at the scene of
            the crime, shown to be that of an accused,
            tends to show that he was at the scene of the
            crime.  The attendant circumstances with
            respect to the print may show that he was at
            the scene of the crime at the time it was
            committed.  If they do so show, it is a

                            -3-

rational inference, consistent with the rule
of law both as to fingerprints and
circumstantial evidence, that the accused was
the criminal agent.

(Quotation and citation omitted).  See also Ricks v. Commonwealth, 218 Va. 523, 237 S.E.2d 810 (1977)(affirming convictions of a defendant whose fingerprint was found on a jar in the bedroom of the burglarized home); Parrish v. Commonwealth, 17 Va. App. 361, 437 S.E.2d 215 (1993)(affirming the conviction of a defendant whose palm and thumb prints were found on a bank deposit slip).

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.