COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


DERRICK S. HINES

MEMORANDUM OPINION[*] BY
v.          Record No. 1086-95-2          JUDGE MARVIN F. COLE
OCTOBER 22, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Gary R. Hershner (Morrissey, Hershner &
Jacobs, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.



Derrick S. Hines was convicted in a bench trial of two

counts of possession of heroin with intent to distribute and one

count of possession of a firearm while in possession of heroin.

Hines contends: (1) the trial court erred by admitting into

evidence his post-arrest statement to the police regarding

unrelated offenses; and (2) the evidence is insufficient to

sustain the convictions.  We find no error and affirm appellant's

convictions.

On June 24, 1994, members of the Richmond Police Department

executed a search warrant at a house located at 1124 North 31st

Street in Richmond.  The officers found 190 glassine bags of

heroin totaling 11.79 grams in an upstairs bedroom, and 30

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

glassine bags of heroin totaling 1.8 grams in a Seven-Up can found in a window sill in the first floor hallway. The police found $120 in cash, a handgun, two magazines for the gun, and a box of ammunition on the mantel in the downstairs bedroom. The house was locked and contained some furniture, but there was no electricity, telephone, or clothing in the house, and it was unoccupied at the time of the search.

A search for fingerprints on the seized items revealed a palm print on one handgun magazine and four latent fingerprints on four of the 190 glassine bags of heroin found in the upstairs bedroom. The fingerprint analysis determined that the palm print and two of the fingerprints were from appellant.

On July 22, 1994, the police executed a search warrant at a house located at 1114 North 31st Street in Richmond. Although the front door of the house was locked, the back door was pushed in and two upstairs windows were open. The police determined that the house was abandoned. They searched the house and found 310 bags of heroin totaling 12.28 grams, 24.67 grams of cocaine, and two shotguns. Six latent fingerprints were lifted from the bags of heroin: one of the prints was from the defendant; two were from the codefendant, Lillian Thorpe, who lived next door; and three were unidentified.

Officer M. E. Ambrozy arrested appellant on December 29, 1994, at which time appellant made the following statement:

> Officer:    Do you or have you sold any heroin?

| | |
|---|---|
| Hines: | No I haven't. |
| Officer: | Have you had heroin in your possession? |
| Hines: | Yes sir I, I have. |
| Officer: | How much? |
| Hines: | About five bundles. |
| Officer: | When was that? |
| Hines: | A couple of months ago. |
| Officer: | How about in the summer? |
| Hines: | I can't really say. |
| Officer: | When was the last time you brought heroin back with you from New York? |
| Hines: | 3-4 months ago. |
| Officer: | How long have you been selling heroin for? |
| Hines: | For as long as I needed some $. |
| Officer: | When did you start moving heroin? |
| Hines: | 3-4 months back. |
| Officer: | How did we get your fingerprint back in the summer? |
| Hines: | I'm not sure. |

The first issue is whether Hines' post-arrest statement to Officer Ambrozy on December 29, 1994 was admissible evidence. When the Commonwealth attempted to introduce the statement through the testimony of Officer Schnuup, appellant objected to its admissibility for the following reason:

The statement was taken in December of last

year when Mr. Hines was arrested.  I don't believe it's relevant.  It does not at all refer to the incident on June the 24th and the address 1114 North 31st.  It is merely a general statement about his activity with drugs.  I think it's more prejudicial than probative in this case.  It doesn't relate to this case.  [The Commonwealth's Attorney] is going to want it to relate to the case and say it goes toward his intent.  However, it does not.  Officer Schnuup does not ask him about the date in question.  He does not ask him about the house or the drugs found on that date.  I just think it's not relative [sic] and it's more prejudicial to Mr. Hines than it is probative to the Commonwealth's case.

Later, when the Commonwealth attempted to introduce the statement through Officer Ambrozy, appellant objected to its admissibility as follows:

Whether he was in possession at one point in time of heroin is not relevant to whether he was in possession of heroin on June 24th or July 22nd.  I think the statement is very prejudicial in that he does admit to selling heroin in the past but it does not put it on those dates in question.  Whether he sold heroin every single day of his life in the past is not relevant to whether he possessed it on those dates.  The Commonwealth has to prove he was in possession of those drugs on that date.  The statement does not go toward that issue in the least bit.

The trial judge admitted the statement in evidence, and the appellant's objection was noted.  He stated that the reason he admitted the statement was because of its relationship with the fingerprints found on the drugs.

First, we shall address the question of the relevance of the post-arrest statement given by appellant to the police.  "'Any

- 4 -

fact, however remote, that tends to establish the probability or improbability of a fact in issue is [relevant and] admissible.'" Wynn v. Commonwealth, 5 Va. App. 283, 291, 362 S.E.2d 193, 198 (1987) (quoting Horne v. Milgrim, 226 Va. 133, 139, 306 S.E.2d 893, 896 (1983)).

> [R]elevant evidence is any evidence "which may throw light upon the matter being investigated, and while a single circumstance, standing alone, may appear to be entirely immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."

Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927)).

Appellant was tried upon two indictments which alleged that he possessed heroin with the intent to distribute it. The Commonwealth was required to prove that he "intentionally and consciously possessed" the drug, either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it. Josephs v. Commonwealth, 10 Va. App. 87, 99-102, 390 S.E.2d 491, 497-99 (1990) (en banc). Constructive possession may be shown by a defendant's acts, declarations or conduct which support the inference that the contraband was "subject to his dominion and control." Id. Appellant was also tried upon an indictment charging him with possessing a firearm while in possession of

- 5 -

heroin with the intent to distribute.

Appellant contends that his statement implicates him in other "wholly unrelated" crimes of purchasing and possessing heroin and transporting it to Virginia three or four months before his arrest on December 29, 1994.  He argues that his prior drug activity was not proven to have any relation to the heroin found in June and July in the abandoned houses.

The Commonwealth proved that on June 24, 1994, someone possessed a stash of heroin at 1124 North 31st Street in Richmond with intent to distribute it.  It also proved that on July 22, 1994, at 1114 North 31st Street in Richmond, only a short distance from 1124 North 31st Street, someone possessed another stash of heroin with intent to distribute it.  The primary question is whether the Commonwealth proved that appellant was the criminal agent in either or both instances.  To prove that appellant was the criminal agent, the Commonwealth relied upon the evidence that appellant's fingerprints were found upon the contraband at both locations.  The Commonwealth asserts that the fingerprints found at the scene of the crimes showed that appellant was there at some time, and together with the post-arrest statement and other evidence in the case, established that appellant was guilty of possession of heroin with the intent to distribute on June 24, 1994 and July 22, 1994, the dates the heroin was seized by the police.

The Supreme Court has recognized that fingerprinting is a

certain and scientific method of identification and "actually 'an unforgeable signature.'" Turner v. Commonwealth, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977) (citation omitted). In Turner, the Court stated the following:

> [W]hile defendant's fingerprint found at the scene of the crime may be sufficient under the circumstances to show defendant was there at some time, nevertheless, in order to show defendant was the criminal agent, such evidence must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime. Such "other circumstances . . . need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed." Those attendant circumstances may demonstrate the accused was at the scene of the crime when it was committed. And if such circumstances do so demonstrate, a rational inference arises that the accused was the criminal agent.

Id. at 146-47, 235 S.E.2d at 360 (citations omitted). See also Ricks v. Commonwealth, 218 Va. 523, 526, 237 S.E.2d 810, 812 (1977); Avent v. Commonwealth, 209 Va. 474, 479-80, 164 S.E.2d 655, 659 (1968); Tyler v. Commonwealth, 22 Va. App. 480, 482, 471 S.E.2d 772, 773 (1996).

The fingerprints were the only direct evidence presented by the Commonwealth to show that appellant was the criminal agent. Admittedly, the Commonwealth had to connect the fingerprints with "other circumstances" to identify him as the criminal agent. To do this, the Commonwealth presented Hines' post-arrest statement.

Hines argued that the facts set forth in the statement were not connected to the June 24, 1994 and July 22, 1994 offenses.  In the statement, Hines told the police officer that he had begun "moving" heroin "3-4 months back."  From December 29, 1994, this statement would relate back only to August 29, 1994.  The statement indicated Hines had been selling heroin "for as long as I needed some [money]."  Because the record does not disclose how long Hines needed money, this statement is not specific as to dates.  Hines said he last brought heroin to Richmond from New York "3-4 months ago" and possessed "about five bundles . . . a couple of months ago."  Because Hines stated that he last brought heroin from New York around August 29, 1994, one can reasonably infer that he had brought heroin to Richmond from New York prior to August 29, 1994, which places the possession within the time frame of the two offenses.  When asked specifically about his drug activities "in the summer," Hines replied "I can't really say."  A reasonable interpretation of the statement is that Hines was speaking in terms of approximations.  In any event, the statement tended to establish the probability or improbability of the time that Hines had access to and possessed heroin brought from New York for sale locally.  It also established the fact that Hines knew about heroin and that he possessed it in the approximate time frame of these offenses.  The record also established that on June 24, 1994, and July 22, 1994, Hines' fingerprints were on the drugs.  This could not have occurred

before he possessed it.  The issue then is whether this evidence constitutes "other circumstances" that would tend to connect Hines as the criminal agent in the crimes committed on June 24, 1994 and July 22, 1994.  We find that the statement to the police is relevant evidence for this purpose.  However, several other factors must be discussed before we can say the statement is admissible evidence.

> Professor Friend states the "Prior Crimes Rule" as follows: "[E]vidence which shows or tends to show the accused guilty of the commission of other offenses at other times is inadmissible if its only relevancy is to show the <u>character of the accused or his disposition to commit an offense similar to that charged;</u> but if such evidence tends to prove <u>any other relevant fact</u> of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime."
>
> Therefore:
>
> "Evidence of other offenses is admitted . . . if it tends to prove <u>any relevant element of the offense charged</u>."

1 Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 12-14 (4th ed. 1993) (footnotes omitted).  <u>See</u> <u>also</u> <u>Rodriguez v. Commonwealth</u>, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995); <u>Satcher v. Commonwealth</u>, 244 Va. 220, 230, 421 S.E.2d 821, 827-28 (1992), <u>cert. denied</u>, 507 U.S. 933 (1993); <u>Wilkins v. Commonwealth</u>, 18 Va. App. 293, 297-98, 443 S.E.2d 440, 443-44 (1994) (<u>en</u> <u>banc</u>).

As previously explained, Hines' statement was admitted to prove, inter alia, "other circumstances" in connection with the fingerprints. Significantly, it was not admitted for the purpose of showing appellant's character or his disposition to commit an offense similar to that charged.

If the probative value of the evidence outweighs the prejudicial effect upon the defendant, relevant evidence should be admitted. If the prejudicial effect exceeds the probative value, the evidence should be excluded. This determination is committed to the trial court's discretion and requires the trial court to conduct a balancing test based on the facts and circumstances of a particular case. Lewis v. Commonwealth, 8 Va. App. 574, 579, 383 S.E.2d 736, 740 (1989) (en banc). "[A] trial court's discretionary ruling will not be disturbed on appeal absent a clear abuse of discretion." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). We find no clear abuse of discretion here. Accordingly, the trial court properly admitted in evidence the statement Hines gave to the police.

The second issue challenges the sufficiency of the evidence to prove the offenses set forth in the indictments.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 437, 443, 358 S.E.2d 415, 418 (1987). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

In order to convict appellant under the indictments, the prosecution was required to prove he "'intentionally and consciously possessed' the drug[s], either actually or constructively, with knowledge of [their] nature and character, together with the intent to distribute [them]." Wilkins, 18 Va. App. at 298, 443 S.E.2d at 444 (citation omitted). Appellant's intent to distribute the drugs may be "'shown by circumstantial evidence' which is '"consistent with guilt"' and '"inconsistent"' with and '"exclude[s] every reasonable hypothesis of innocence."'" Id. (citations omitted). As previously stated, appellant does not dispute that the Commonwealth proved that the crimes described in the indictments were committed. However, he contends that the Commonwealth did not sufficiently prove that he was the criminal agent who committed the offenses because no evidence proved that he possessed or had any connection with the two stashes of heroin and the guns located in the two abandoned houses on June 24, 1994 and on July 22, 1994.

This brings us to the crux of the issue before us. Does the Commonwealth's evidence, tested by rules that are well established, provide an adequate basis to support the convictions

by the trial court finding appellant guilty of two charges of possession of heroin with intent to distribute and possession of a firearm while in possession of heroin?  We must review the evidence not as to what action we might have taken, but as to whether the evidence justified the trial judge, as finder of the facts and the reasonable inferences drawn therefrom, in finding appellant guilty.  When the evidence leads to the conclusion of guilt beyond a reasonable doubt, and excludes every reasonable hypothesis of innocence, it is sufficient to support the judgment of the trial court.

We have already discussed the law relating to fingerprint evidence and will not repeat it.  Suffice it to say that in order to prove that appellant was the criminal agent, the fingerprint evidence must be coupled with evidence of "other circumstances" tending to reasonably exclude the hypothesis that the print or prints were impressed at a time other than that of the crime.  Such "other circumstances" need not be completely independent of the fingerprint evidence, however, they must demonstrate that the accused was at the scene of the crime when it was committed.

In addition to the two abandoned houses at 1124 and 1114 North 31st Street described herein, another house is of importance in this case.  Lillian Thorpe, a codefendant, gave a statement to the police concerning her involvement with the drugs at 1124 North 31st Street.  The statement was admitted as to her, but not against Hines.  However, other testimony indicated that

she lived next door to 1124 North 31st Street.  The back door of Thorpe's house faced the back door of 1124 North 31st Street, and it is only a few feet across an alleyway between the two buildings.  Two of Thorpe's fingerprints were found upon the glassine bags of heroin found in 1124 North 31st Street together with the print of Hines.  These connections were facts to be considered by the fact finder, together with reasonable inferences deduced therefrom.

Hines' December 29, 1994 statement to the police made several important admissions for the fact finder to consider, together with inferences that could be drawn therefrom.  He admitted that he had about five "bundles" of heroin in his possession "a couple of months ago."  When asked about the summer, Hines stated that he "can't say."  This denial was inaccurate because in the next sentence he stated that he brought heroin back from New York up to four months earlier.  Four months before December 29 was August 29, well within summer.  He also stated that he had been selling heroin "for as long as I needed some [money]."  He stated that he started "moving" heroin "3-4 months back."  The fact finder was entitled to disbelieve these dates because his fingerprints on the heroin in the two houses dated to June 24, 1994 and July 22, 1994, several months earlier in time.

The bags of heroin were transparent glassine bags and were secreted in abandoned houses not frequented by or generally

accessible to the general public.  Therefore, the evidence does not permit a reasonable inference that appellant innocently handled the bags without knowledge of their contents.  Moreover, appellant's admissions that he brought heroin from New York to Virginia, sold heroin for money, and possessed five "bundles" of heroin proved that he was familiar with heroin and the manner in which it is packaged, and that he knowingly possessed and handled heroin, thereby accounting for his fingerprints on the glassine bags.  Although the evidence did not directly connect appellant with having been seen or having occupied either of the two residences, his fingerprints, the statement he made to the police, the other circumstances in the evidence, and the reasonable inferences therefrom, proved that he was in the business of buying and selling heroin during the relevant time period and that he knowingly possessed the heroin for distribution at the time and location where the drugs were found. Although the houses where the heroin was stored were abandoned, there was no evidence that the houses were open to the public or frequented by others.  Also, there was no evidence that anyone other than those whose prints were on the heroin, which included appellant, had possessed and exercised dominion and control over the heroin in the two houses.  There is no other reasonable explanation in the record to show how appellant's fingerprints got on the heroin and magazines.

Citing Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d

325, 329 (1983), Hines argues that a conviction based upon circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence. The Commonwealth "'must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt.'" Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975) (citations omitted). The fact finder in this case could conclude from Hines' statement that he was in the business of buying and selling illegal heroin and that he was engaged in this business as far back as June and July of 1994 because his fingerprints were found on the packaged drugs at that time. The fact finder could infer that the locations from which the business was conducted were 1114 and 1124 North 31st Street, both abandoned residences. Large quantities of heroin were found in each house packaged in a manner consistent with the sale and distribution of illegal drugs and inconsistent with personal use. A handgun, magazine, and ammunition were found in one house and two shotguns in the other. A large amount of cash was present. All of these things along with the other circumstances shown in the record may be considered to support the finding that a person is engaged in the business of distributing drugs. See Poindexter v. Commonwealth, 16 Va. App. 730, 735, 432 S.E.2d 527, 530 (1993) (accompanying possession of a large amount of cash); Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 84-85 (1992) (accompanying possession of

a firearm); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1977) (large amount of packaged drugs).  Moreover, the fingerprints are signatures showing the guilt of appellant.

Hines suggests that his prints may have been placed on the drugs and handgun at a time other than the time of the crimes.  There is nothing in the record to support this hypothesis.  Under the totality of the circumstances, this is not a reasonable hypothesis to support his innocence.

In Turner, the Supreme Court discussed the Commonwealth's burden to exclude the hypothesis that fingerprints had been impressed at a time other than the time of the crime:

> But the prosecution is not required to affirmatively and conclusively prove to a certainty that the print could not have been made other than at a time when the crime was committed.  As we noted in Avent, the fingerprint evidence need be joined only with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was made at some other time than during commission of the crime.  And the hypotheses which must be reasonably excluded are those which flow from the evidence itself, and not from the imagination of defendant's counsel . . . .  "While a defendant does not have the obligation to testify himself or to offer testimony to explain the presence of his prints, a court cannot supply evidence that is lacking."

218 Va. at 148, 235 S.E.2d at 361 (citations omitted).

With respect to appellant's conviction for possessing a firearm while in possession of heroin, the evidence proved that the ammunition magazine that contained appellant's palm print was located next to a handgun on the same mantel.  Because the

- 16 -

handgun's magazine was in close proximity to the handgun and fit the handgun, the evidence of appellant's palm print on the magazine, together with all the other circumstances of the case, was sufficient to prove that the handgun was subject to his dominion and control.  Furthermore, although the handgun was not found in the same part of the house as the heroin, "[t]he Commonwealth need not prove that [the defendant] had ready access to either the gun or the [heroin] to establish 'simultaneous possession.'"  Jefferson v. Commonwealth, 14 Va. App. 77, 81, 414 S.E.2d 860, 862 (1992).  The handgun was in plain view in the abandoned house where the heroin was also located, the house was not easily accessible to the general public, and appellant's palm print was found on the handgun's magazine.  This evidence, combined with the other evidence linking appellant to the heroin found in the house, was sufficient to prove that he "knew of the presence and character" of the gun and of the heroin "and that he consciously possessed them."  Id.

Based upon the foregoing, we find that the evidence was sufficient to prove that appellant constructively possessed the heroin found in the two houses with the intent to distribute it and that he possessed the handgun found in the first house while in possession of heroin.

For these reasons, we affirm appellant's convictions.

                                        Affirmed.