COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


DONAVON T. WATKINS, S/K/A
 DONOVAN T. WATKINS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1975-99-1          JUDGE RICHARD S. BRAY
                                         APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert W. Curran, Judge

            Michael P. Jones for appellant.

            Jeffrey S. Shapiro, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Donovan T. Watkins (defendant) was convicted in a bench trial

of grand larceny in violation of Code § 18.2-95.  On appeal, he

argues that the evidence was insufficient to support the

conviction.  We agree and reverse the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "[T]he decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it." Armstrong v. Commonwealth, 29 Va. App. 102, 113, 510 S.E.2d 247, 252 (1999); see also Code § 8.01-680.

"The Commonwealth always bears the burden of proving guilt beyond a reasonable doubt." Tyler v. Commonwealth, 254 Va. 162, 166, 487 S.E.2d 221, 223 (1997). "When the evidence is wholly circumstantial, as here, '[a]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Granger v. Commonwealth, 20 Va. App. 576, 577, 459 S.E.2d 106, 106 (1995) (citation omitted). The Commonwealth must "prove beyond a reasonable doubt that motive, time, place, means and conduct concur in pointing out the accused as the perpetrator of the crime." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 568 (1976). Reliance upon fingerprint evidence to identify an accused as the criminal agent does not lessen this burden of proof. See Tyler, 254 Va. at 166, 487 S.E.2d at 223.

On the morning of February 25, 1999, Kenneth Geigan noticed the driver's door of his automobile, then parked in the driveway, ajar. Upon further inspection, he discovered a pistol, checkbook, and "between $600 and $700" cash missing from the "glove

-

compartment."  Newport News police were notified and, during the ensuing investigation, Officer Keith Young "lifted approximately eight to ten . . . latent prints" from the exterior of the vehicle.  The resulting "fingerprint cards" were examined by Detective L.G. Roberts, "an expert in the field of fingerprint analysis."  Roberts testified that three distinct fingerprint "lifts" taken from the driver's door matched defendant's "number six finger" and opined, "with all certainty," that defendant's "left thumb touched [Geigan's] vehicle three different times," at an unknown time and place.

Following arrest, defendant denied knowledge of the offense, declaring that he had "never seen" or "touched" Geigan's car or visited his neighborhood.  Geigan testified that he "usually" drove his car "anywhere . . . in . . . Newport News [he] may need to go."

It is well established that a fingerprint is "'an unforgeable signature,'" a "scientific method of identification."  Turner v. Commonwealth, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977) (citation omitted).  "[F]ingerprint[s] found at the scene of the crime may be sufficient under the circumstances to show [an accused] was there at some time," but "in order to show defendant was the criminal agent, such evidence must be coupled with evidence of other circumstances tending to reasonably exclude the

-

hypothesis that the print was impressed at a time other than that of the crime."  Id.

The requisite "other circumstances" "need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed."  Avent v. Commonwealth, 209 Va. 474, 479, 164 S.E.2d 655, 659 (1968).  Thus, "attendant circumstances with respect to the print may show that [defendant] was at the scene of the crime at the time it was committed.  If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, that the accused was the criminal agent."  Id. at 480, 164 S.E.2d at 659.

Here, the evidence established that Geigan regularly drove the automobile "anywhere" in Newport News.  Hence, the fingerprints on the vehicle simply proved that defendant had previously touched the doorframe at an unspecified time and location, under unknown circumstances.  Such evidence clearly does not reasonably exclude the hypothesis that defendant had innocent contact with the vehicle while parked in a public area or as a result of other circumstances unrelated to the instant offense. Defendant's inability to remember having seen or touched the car is not inconsistent with innocence.  A person does not notice or

-

recall every automobile inadvertently touched, anywhere and at anytime. Thus, the circumstantial evidence before the trial court, while casting strong suspicion upon defendant, was insufficient to establish his guilt beyond a reasonable doubt.

We acknowledge numerous decisions by both the Supreme Court and this Court affirming convictions which relied upon fingerprint evidence to prove criminal agency. However, unlike the instant record, the evidence in each instance established the requisite "other circumstances" sufficient to support the convictions. See, e.g., Tyler, 254 Va. at 167, 487 S.E.2d at 224 (fingerprints of accused found on both sides of broken glass of store window, together with evidence that burglar had "pulled . . . fragments out of the window frame"); Ricks v. Commonwealth, 218 Va. 523, 524, 237 S.E.2d 810, 811 (1977) (fingerprint of accused on "jar" of stolen pennies, located inside private residence, the "scene of the crime"); Avent, 209 Va. at 475, 164 S.E.2d at 655 (fingerprints of accused found on glass of broken window, located "7 feet from the ground or street level," inside store); see also Turner, 218 Va. 141, 235 S.E.2d 357; Parrish v. Commonwealth, 17 Va. App. 361, 437 S.E.2d 215 (1993); compare Granger, 20 Va. App. at 577, 459 S.E.2d at 106 (fingerprints of accused on whiskey bottle failed to exclude hypothesis that he handled it for an "innocent purpose").

-

Accordingly, we find the evidence insufficient to support the conviction and reverse the trial court.

Reversed and final judgment.