COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


MAURICE ANTHONY CUTLER
                                    MEMORANDUM OPINION* BY
v.    Record No. 0194-00-1           JUDGE G. STEVEN AGEE
                                        MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

          James O. Broccoletti (Zoby & Broccoletti, on
          brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     The trial judge convicted Maurice Anthony Cutler of

possession with the intent to distribute more than one-half

ounce but less than five pounds of marijuana in violation of

Code § 18.2-248.1.  On appeal, Cutler challenges the sufficiency

of the evidence to prove both that he possessed the marijuana

and that weight of the marijuana exceeded one-half ounce.  We

affirm his conviction.

                              I.

     On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The

evidence proved officers of the City of Newport News police

force arrived at a service station in the early morning of

February 25, 1999, because of a tip from a confidential

informant.  They observed Cutler sitting in the driver's seat of

a vehicle with a passenger, Dexter Drew, next to him on the

front seat.  Two other men entered Cutler's vehicle and sat in

the back seat.  When the officers activated their emergency

equipment, Cutler sped away from them.  Following Cutler's

vehicle, the officers saw the rear driver's side door open and a

backpack came out of the vehicle.  The officers pursued the

vehicle until Cutler's driving rendered that pursuit too

dangerous.

The backpack that the officers recovered contained a large

plastic bag, which in turn contained two smaller zip-lock bags.

These two smaller bags each contained solid blocks of marijuana

that together weighed one pound, six ounces.  On the bag

containing the larger amount of marijuana, the police found five

fingerprints, which were later matched to Cutler.  That bag also

contained a latent "print not of value" that could not be

identified.

The police arrested Cutler later that morning.  Initially,

he denied that he had fled from the police.  Then he told the

officer that he had rented the vehicle he was driving, but

-

misinformed the officer about the location of the vehicle. Later, he said he evaded the officers because he had been drinking and he feared an arrest related to his condition. He also said that the passenger, Dexter Drew, had possessed the backpack. Cutler said that he did not know what was in the backpack, that he may have touched it, and that he had not touched anything in the backpack.

The trial judge convicted Cutler of possession with intent to distribute more than one-half ounce but not more than five pounds of marijuana.

## II.

Cutler first contends the evidence does not exclude the possibility that he touched the zip-lock bag for an innocent purpose. We find that the fingerprint evidence, combined with other evidence, provides a sufficient basis for the trial judge to have convicted Cutler.

"Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted). "Circumstantial evidence of possession is sufficient to support a conviction provided it

-

excludes every reasonable hypothesis of innocence." Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997).

From the evidence presented, the fact finder could infer beyond a reasonable doubt that Cutler was aware of the presence and character of the marijuana contained inside the backpack and that it was subject to his dominion and control. Although there were other people in the vehicle with Cutler when the marijuana was thrown from the vehicle, the evidence proved Cutler's fingerprints were on a bag of marijuana. Moreover, Cutler's flight from the police and his inconsistent statements to the police about that flight and the location of the vehicle provide the "other circumstances" which reasonably exclude innocence. Cutler's behavior is most consistent with a desire to separate himself from the backpack and the vehicle in which the police had seen him driving.

It is not a reasonable hypothesis that Cutler put his fingerprints on the zip-lock bag but did not possess the marijuana the police found in it. Even if someone else threw the backpack from the vehicle, constructive possession need not be exclusive. Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 905 (1998). The evidence provided no alternative explanation for Cutler's fingerprints on the zip-lock bag, and we cannot provide a hypothesis for him. "While the defendant does not have the obligation to testify himself or to offer testimony to explain the presence of his prints, a court cannot

-

supply evidence that is lacking." Avent v. Commonwealth, 209
Va. 474, 480, 164 S.E.2d 655, 659 (1968) (citation omitted).
Here, a reasonable hypothesis of innocence does not arise from
the evidence at trial.

This case differs from Granger v. Commonwealth, 20 Va. App.
576, 459 S.E.2d 106 (1995), where the assailant used a whisky
bottle to bludgeon and rob his victim. The only evidence there
against the defendant was a set of his fingerprints found on the
bottle which was lying in a public area. We concluded that the
evidence was not inconsistent with the explanation that the
defendant could simply have handled the bottle at a time other
than the time of the assault. In this case, unlike Granger, the
police saw Cutler in the vehicle from which the backpack
containing his fingerprints was discarded. An innocent
explanation of fingerprints on a whisky bottle found in a public
area is more likely than an innocent explanation of
fingerprints on a zip-lock bag contained within another bag
contained within a backpack. From this evidence, the trial
judge was free to infer from the evidence against Cutler that he
was guilty of the charged crime.

### III.

Cutler also contends that the Commonwealth never proved the
exact weight of the marijuana. Proof that an accused possessed
the weight of marijuana proscribed by the statute is an
essential element of the offense that the Commonwealth must

-

prove beyond a reasonable doubt.  Hill v. Commonwealth, 17 Va.
App. 480, 484-85, 438 S.E.2d 296, 299 (1993).  Although the
Commonwealth never proved the weight of the bag that bore
Cutler's fingerprint without the weight of the other bag, the
trial judge was free to conclude that Cutler was in constructive
possession of both zip-lock bags.  Of the one pound, six ounces
of marijuana contained in the two zip-lock baggies, the larger
block of marijuana was in the baggie with the fingerprints.

The evidence was sufficient for the trial judge to conclude
beyond a reasonable doubt that Cutler possessed the requisite
amount of marijuana.

For these reasons, we affirm the conviction.

Affirmed.

-

Benton, J., dissenting.

When the Commonwealth relies on circumstantial evidence to prove guilt, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

> [W]hile [the accused's] fingerprint found at the scene of the crime may be sufficient under the circumstances to show [the accused] was there at some time, nevertheless, in order to show [the accused] was the criminal agent, such evidence must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime.

Turner v. Commonwealth, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977). Furthermore, the principle is well established that "[w]here facts are established which are susceptible of two different interpretations, one of which is consistent with the innocence of the accused, the jury or the judge trying the case cannot arbitrarily adopt the interpretation which incriminates him." Williams v. Commonwealth, 193 Va. 764, 772, 71 S.E.2d 73, 77 (1952); Commonwealth v. Smith, 259 Va. 780, 782, 529 S.E.2d 78, 79 (2000). Instead, "[t]he interpretation more favorable to the accused should be adopted unless it is untenable under all the facts and circumstances of the case." Williams, 193 Va. at 772, 71 S.E.2d at 77.

-

The evidence in this record was insufficient to prove beyond a reasonable doubt that Cutler possessed the marijuana. All the officers who observed an object being thrown from the vehicle testified it was thrown from the rear door. No evidence proved this was accomplished by Cutler, who was driving the vehicle. The only reasonable inference to draw from this evidence is that someone other than Cutler possessed and discarded the marijuana from the rear door of the vehicle.

No person ever saw Cutler touch the marijuana. When the officer interviewed Cutler, Cutler explained that he initially evaded the police out of fear of arrest for drunken driving. Cutler identified Drew, the passenger, to the officer as the person that owned the backpack. The officer confirmed Drew was in the vehicle. Thus, the only evidence in the record concerning the origin of the backpack is Cutler's statement that Drew had it. Significantly, when Cutler and Drew were searched, the only contraband seized was a one-quarter ounce bag of marijuana which was in Drew's shoe. This evidence further supports Cutler's assertion that Drew possessed and maintained the backpack containing the marijuana. I would hold that this evidence raises the reasonable hypothesis, not excluded by the evidence, that one of Cutler's passengers possessed the drugs without Cutler's knowledge. Fearing a stop by the police, the passenger threw the backpack out the rear door so that the

-

police would not find it during a possible search of the vehicle.

The circumstantial evidence in this case proves only that at some time Cutler touched a zip-lock bag. In Granger v. Commonwealth, 20 Va. App. 576, 459 S.E.2d 106 (1995), we reversed a conviction for malicious wounding and robbery where "the Commonwealth's case only proved that [the accused] once handled the bottle" that was used to strike the victim. Id. at 578, 459 S.E.2d at 106. We held that the "[finger]print evidence [did] not show when [the accused] handled the bottle or that he handled it at the scene of the crime." Id. Here, as in Granger, the "circumstantial evidence does not exclude the hypothesis that [Cutler] may have handled the [bag] for an innocent purpose before" the marijuana was placed in it. Id. at 577, 459 S.E.2d at 106. Fingerprints on the bag simply proved that Cutler previously touched the bag at an unspecified time under unknown circumstances. The Commonwealth produced no evidence narrowing the time during which Cutler may have touched this bag. Certainly no evidence proved that Cutler touched the bag after marijuana was put in it.

In Varker v. Commonwealth, 14 Va. App. 445, 417 S.E.2d 7 (1992), the accused's handprint was found outside of an office that had been burgled. Even though the print was near the point of entry, we held that such evidence only proved the accused was in the office "at some point in time." Id. at 447, 164 S.E.2d

-

at 9.  As in Varker, the evidence does not exclude the hypothesis that Cutler earlier handled the bag for an innocent purpose.  A zip-lock bag is not contraband.  No criminal act occurs from the mere handling of a zip-lock bag.  The evidence established that Cutler had picked Drew up earlier on the day of the offense.  Drew was in the vehicle when the officers first saw it.  No evidence proved that Cutler had not visited Drew on other occasions, and the evidence certainly did not disprove that Cutler did not innocently handle the bag at an earlier occasion prior to the marijuana being placed in the bag.

When, as here, the evidence is susceptible to two different interpretations, we are required to adopt the interpretation favorable to the accused unless it is untenable under all the facts and circumstances.  Cutler's innocent touch of only one of the zip-lock bags is not untenable under the facts of this case.  If Cutler had been alone in the vehicle or if the police had seen him throw the bag from the vehicle, then this case might be different.  Under the circumstances proved in this record, however, the evidences raises no more than a suspicion of guilt.  Smith, 259 Va. at 784, 529 S.E.2d at 79.  "'Suspicion, however, no matter how strong is insufficient to sustain a criminal conviction.'"  Id. (quoting Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981)).  Not even a probability of guilt is sufficient to warrant the conclusion beyond a reasonable doubt that Cutler possessed the marijuana.  See

-

Crisman v. Commonwealth, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955) (finding insufficient evidence to convict a defendant where heroin was in plain view by his feet in a car occupied by five men).

On this evidence, I would hold that the Commonwealth has not borne it burden of proving guilt beyond a reasonable doubt, and I would reverse the conviction.  I dissent.