Salem

MICHAEL WADE VARKER

v.

COMMONWEALTH OF VIRGINIA

No. 1223-91-2

Decided May 12, 1992

446

COUNSEL

Shanon S. Echols (Law Office of J. Benjamin Dick, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General; Margaret Ann B. Walker, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction for burglary. The defendant contends that the evidence was insufficient to support his conviction. We hold that evidence of the defendant's handprint on the wall outside the room that was broken into and of equivocal statements made to the police was insufficient to support the conviction; therefore, we reverse the conviction.

The defendant was charged with breaking into an office within a building near the University of Virginia that housed a number of offices serving various student and community activities. The office was entered through a door between the office and an adjacent dance studio on the same floor. Police found the defendant's handprint on a mirrored wall of the dance studio near the jam of the door broken into. The defendant explained that he attended meetings of Narcotics Anonymous and Alcoholics Anonymous in the building approximately four to six times a month and that often, before the meeting began, he would go into the dance studio or another room where he could be alone and plan what he was

going to say at the meeting.

In addition, the defendant made two equivocal statements to the police, who suspected the defendant may have committed this and other burglaries. After arresting the defendant, the police advised him of his *Miranda* rights and "told him we had a lot to get straight." The defendant, who was on probation for previous offenses, responded, "I've really messed up, I'm going back to the penitentiary." Also, when the police officer described the location of the handprint to him, the defendant looked surprised and "was sitting there nodding his head up and down."

When a conviction is based entirely on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence, [and] [t]he circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt." *Boothe v. Commonwealth*, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987). Furthermore, if facts are susceptible to two different interpretations, "one of which is consistent with the innocence of the accused, the jury or the judge trying the case cannot arbitrarily adopt the interpretation which incriminates him." *Williams v. Commonwealth*, 193 Va. 764, 772, 71 S.E.2d 73, 77 (1952). Instead, "[t]he interpretation more favorable to the accused should be adopted unless it is untenable under all the facts and circumstances of the case." *Id.*

"A latent fingerprint found at the scene of the crime . . . tends to show that [the accused] was at the scene of the crime." *Avent v. Commonwealth*, 209 Va. 474, 479-80, 164 S.E.2d 655, 659 (1968). However, only if the circumstances regarding the fingerprint show that the accused was at the scene of the crime at the time the crime was committed, may one rationally infer that the accused committed the crime.

In this case, the defendant's handprint was found outside the office broken into and near the point of entry. It established that the defendant, at some point in time, was in the dance studio; however, neither the handprint nor the circumstances surrounding its discovery established when the defendant was in the dance studio. Therefore, the presence of the handprint creates no inference that the defendant broke into the office.

Also, the defendant's act of nodding his head during the police officer's description of where his handprint was found does not create an inference of guilt. It was a non-verbal expression that may have indicated only an acknowledgment or understanding of the information being conveyed.

■ Finally, the defendant's statement upon being advised of his arrest for suspicion of various burglaries does not create an inference of guilt in this burglary. By saying that he had "really messed up" and was going back to the penitentiary, the defendant may have been acknowledging guilt of this offense or another offense being investigated, or he may have merely been expressing his concern for having placed himself in a compromising position. In any event, his statement does not reasonably indicate his guilt of this crime as opposed to the one or more other meanings that just as reasonably can be attributed to the statement. "Where an inference supporting guilt is no more likely to arise from a proven fact than one favoring innocence, the inference of guilt is impermissible." *Morton v. Commonwealth*, 13 Va. App. 6, 11, 408 S.E.2d 583, 586 (1991). Therefore, the circumstantial evidence in this case did not permit the conclusion that, beyond a reasonable doubt, the defendant committed the burglary with which he was charged.

For these reasons, the judgment of conviction is reversed and the indictment is dismissed.

*Reversed and dismissed.*

Benton, J., and Duff, J., concurred.