COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


CHARLES LEE BRITT, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 1975-96-1          JUDGE JERE M. H. WILLIS, JR.
                                       NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  William F. Rutherford, Judge

          William P. Robinson, Jr. (Robinson, Banks &
          Anderson, on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On appeal from his conviction for possession of cocaine with

intent to distribute, Charles Lee Britt, Jr. contends:  (1) that

the evidence is insufficient to support his conviction, (2) that

the trial court erred in excluding a witness' prior inconsistent

statement, and (3) that the trial court erred in admitting an

oral statement.  Because the evidence is insufficient, we reverse

Britt's conviction.  We need not address the other assigned

errors.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  The jury's verdict will

not be disturbed on appeal unless it is plainly wrong or without

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence to support it."  Maynard v. Commonwealth, 11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc) (citations omitted).

On May 16, 1995, Officer Michael J. Reardon received information regarding possible drug activity at 850 Charlotte Street in Norfolk.  Upon arriving in the area, he observed Britt and another man in front of 829 Charlotte Street, which is directly across the street from 850.

At the rear of 850 Charlotte Street, Reardon found a pouch behind a trash receptacle.  Inside the pouch were five plastic sandwich baggies, stuffed within each other, containing sixteen small plastic wrappings of crack cocaine.  Examination revealed Britt's thumbprint on one of the baggies.  While searching, Reardon saw Britt go inside 829 Charlotte Street.

On May 17, 1995, Reardon returned to arrest Britt's brother and saw Britt standing in front of 829 Charlotte Street.  Upon seeing Reardon, Britt left.  On August 2, 1995, Reardon returned to arrest Britt and found him standing in front of 829 Charlotte Street.  Britt, who had a pouch in his hand, quickly went inside 829.  Another man prevented Reardon from following Britt into 829.  Soon after, Britt came out.  He stated that "he never frequented 829 Charlotte Street before."

To establish the charge of possession of cocaine with intent to distribute, the Commonwealth was required to prove beyond a reasonable doubt that Britt "'intentionally and consciously

possessed' the drug, either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it." Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (en banc) (citation omitted).

Viewed in the light most favorable to the Commonwealth, the evidence provides no proof that Britt actually possessed the cocaine. Thus, the issue before us is whether Britt constructively possessed the cocaine. In proving constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). The Commonwealth argues that Britt's thumbprint on the baggie and his presence near the pouch proves that he possessed the drugs. We disagree.

"'[M]ere proximity to a controlled drug is not sufficient to establish dominion and control.'" Johnson v. Commonwealth, 12 Va. App. 150, 151, 402 S.E.2d 502, 503 (1991) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). While "proximity" constitutes relevant circumstantial evidence in proving constructive possession, Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc), the cocaine in this case was found beside a garbage can, adjacent to a public

thoroughfare, behind a house across the street from where Britt was standing.  No evidence placed Britt near this spot.  See Gordon v. Commonwealth, 212 Va. 298, 300-01, 183 S.E.2d 735, 737 (1971) (finding gap in circumstantial evidence tying narcotics found in public place to defendant).  Cf. Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986) ("[P]roof that contraband was found in premises . . . occupied by the defendant is insufficient, standing alone, to prove constructive possession.").

The presence of Britt's thumbprint on one of the sandwich baggies does not, by itself, establish possession.  As the Commonwealth correctly notes "a fingerprint is actually 'an unforgeable signature.'"  Turner v. Commonwealth, 218 Va. 141, 146, 235 S.E.2d 357, 360 (1977) (quoting Avent v. Commonwealth, 209 Va. 474, 478, 164 S.E.2d 655, 658 (1968)).  Indeed, in determining criminal agency:

> "A latent fingerprint found at the scene of the crime . . . tends to show that [the accused] was at the scene of the crime." However, only if the circumstances regarding the fingerprint show that the accused was at the scene of the crime at the time the crime was committed, may one rationally infer that the accused committed the crime.

Varker v. Commonwealth, 14 Va. App. 445, 447, 417 S.E.2d 7, 9 (1992) (quoting Avent, 209 Va. at 479-80, 164 S.E.2d at 659).

The most that the thumbprint proves is that Britt touched the baggie at some time prior to its discovery in the pouch.  No

evidence discloses when Britt touched the baggie, where he touched it, or whether he did so when it contained the cocaine. Cf. Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992) (noting that presence of defendant's personal possessions in his vehicle not evidence of possession of drugs found in vehicle). Thus, the evidence did not exclude the reasonable hypothesis that Britt may have touched the baggie for some innocent reason. See Granger v. Commonwealth, 20 Va. App. 576, 577, 459 S.E.2d 106, 106 (1995) (defendant's fingerprints on liquor bottle used in robbery insufficient evidence).

Although Britt's statement that he did not "frequent" 829 Charlotte Street permitted the inference that he was lying, the Commonwealth nonetheless must prove each element of the offense beyond a reasonable doubt. Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc). Although Britt's statement that he did not "frequent" 829 Charlotte Street, his presence across the street from the contraband and his thumbprint on the sandwich baggie were suspicious circumstances, these circumstances are insufficient to support his conviction. See Burchette, 15 Va. App. at 438-39, 425 S.E.2d at 86; Behrens, 3 Va. App. at 135, 348 S.E.2d at 432.

The judgment of the trial court is reversed, and the indictment is ordered dismissed.

Reversed and dismissed.