COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


RONALD EUGENE WALKER

                                    MEMORANDUM OPINION* BY
v.    Record No. 2826-98-4           JUDGE CHARLES H. DUFF
                                        MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Kathleen H. MacKay, Judge

            James G. Connell, III, Assistant Public
            Defender (Clinton O. Middleton, Deputy Public
            Defender, on brief), for appellant.

            Richard B. Smith, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Ronald E. Walker, appellant, appeals his conviction for

robbery.  Appellant contends that the trial court erred (1) by

instructing the jury that guilt could be inferred from possession

of recently stolen goods, unexplained or falsely denied, and (2)

by refusing to instruct the jury on the lesser-included offenses

of larceny by receiving stolen property and accessory after the

fact.  For the following reasons, we find no error and affirm the

conviction.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## Facts

David Tipton was delivering pizzas. After making a delivery, Tipton returned to his car and was confronted by a person wearing a mask. This person was armed with a knife and demanded Tipton's car keys. After Tipton gave the person the keys, the person ran to Tipton's car and drove it away. Tipton described the person as 5'6" to 5'7" tall and as "slightly stocky."

Three days later, Tipton's car was involved in an accident. Appellant was driving Tipton's car and struck a parked car. Andrew Tirch, a reserve deputy sheriff, heard the crash and went to the scene. Tirch showed appellant his badge and asked him questions. Appellant was nervous and said he was "Jason Jackson." Appellant claimed that the car belonged to his aunt who lived in Prince William County. Tirch was immediately suspicious because the car had a Fairfax County decal, and suspected that the car was stolen. Tirch told appellant to remain at the scene until the police arrived. Nevertheless, appellant ran from the scene.

When Officer Jeff King arrived at the scene, he learned that the car had been stolen three days earlier from Tipton. King found a steak knife in the car's back seat and a cigarette pack bearing appellant's fingerprints.

At trial, appellant claimed that P.J. Holland picked him up and drove him to a party in Tipton's car. According to

-

appellant, Holland did not tell him the car was stolen until after he had gotten into the car. Appellant admitted that three days later, he was driving the stolen car and had the accident. Appellant explained that he ran from the scene because he knew the car was stolen. Appellant claimed he did not know that the car was the subject of a robbery. Appellant testified that he is 5'8" tall.

### Granted "Recent Possession" Instruction

Appellant claims that the trial court erred by granting Instruction U. That instruction stated that guilt may be inferred from possession of recently stolen goods, unexplained or falsely denied. However, Instruction U was a defense instruction submitted by defense counsel, and given to the jury as submitted by the defense.

Appellant cannot now complain that the trial court did as he requested. "'No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). See also Doe v. Simmers, 207 Va. 956, 960, 154 S.E.2d 146, 149 (1967). Furthermore, even though the trial court is required to properly instruct the jury, we do not agree that a recent possession

-

instruction can never be used in a robbery case.  See Parrish v. Commonwealth, 17 Va. App. 361, 365, 437 S.E.2d 215, 218 (1993).

Refused "Lesser-Included Offense" Instructions

A.  Receiving Stolen Property

"If there is any evidence that would support a conviction for a lesser included offense, the trial court must, upon request of counsel, instruct the jury as to the lesser included offense.  An instruction, however, must be based on more than a scintilla of evidence."  Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (citations omitted).  "An instruction is properly refused when it is unsupported by the evidence."  Bennett v. Commonwealth, 8 Va. App. 228, 234, 380 S.E.2d 17, 21 (1989).

Appellant requested an instruction that would have permitted the jury to convict him of the lesser offense of receiving stolen property.  The trial judge and the prosecutor agreed that the evidence supported the crime of receiving stolen property in Prince William County, but not in Fairfax County where this case was tried.  Appellant testified that he received stolen property at his home in Prince William County.  Appellant said he drove the car a short distance within his Prince William County neighborhood before he was involved in an accident and abandoned the car.  There was no evidence that appellant received stolen property in Fairfax County.  Because the evidence did not support the instruction, the trial court did

-

not err in refusing the instruction on the lesser crime of receiving stolen property.

### B. Accessory after the Fact

At trial, the appellant was charged only with robbery. "[B]efore a defendant can be tried and convicted of being an accessory after the fact, he must be charged with that offense. Unless such a charge is specifically made, neither the Commonwealth nor an accused is entitled to an accessory-after-the-fact instruction." Commonwealth v. Dalton, 259 Va. ___, ___, ___ S.E.2d ___, ___ (2000). Therefore, the trial court did not err by denying appellant's request for an accessory after the fact jury instruction.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

-