COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Annunziata
Argued at Richmond, Virginia


JACOB DANIEL AQUINO

                                   MEMORANDUM OPINION* BY
v.    Record No. 3041-99-2          JUDGE LARRY G. ELDER
                                      DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Ali J. Amirshahi for appellant.

            Thomas M. McKenna, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Jacob Daniel Aquino (appellant) appeals from a judgment of

the Circuit Court for the City of Richmond convicting him of

three counts of robbery, one count of attempted robbery, and

four counts of using a firearm in the commission of a felony.

He contends the Commonwealth's evidence was insufficient as a

matter of law to identify him as the perpetrator of these

crimes.  We hold that the Commonwealth's identification evidence

was not unreliable as a matter of law and was sufficient to

prove appellant's guilt beyond a reasonable doubt.  Accordingly,

we affirm the judgment of the trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

On May 21, 1999, around 3:00 a.m., Chris Kasper, Jason Sheldon, Suntek Chung, and Marilyn Brogan were walking home when they stopped to admire a fountain by the Richmond Public Library. A man walked up, asked about the fountain, then produced a revolver and instructed the four to throw their wallets to the ground. After Kasper, Sheldon, and Chung surrendered their money, the robber thanked them and ran off.

Kasper and Sheldon indicated that the robbery lasted between five and ten minutes. Kasper, Sheldon, and Chung each stated that he had an opportunity during the robbery to observe the perpetrator's face.[1]

Within a week after the robbery, a detective showed the victims a six-photograph police lineup that included a photograph of appellant. Kasper and Sheldon identified appellant as the robber. Chung wavered between appellant and another person and eventually selected the other person.

At trial, Kasper, Sheldon, and Chung identified appellant as the robber. Although the victims admitted they had been drinking beer earlier that night, none indicated that he was intoxicated at the time of the robbery.

---

[1] Brogan was out of the country and did not testify at trial.

-

Upon cross-examining each victim, appellant had his brother, Andrew Aquino (Andrew), enter the courtroom so he could be observed by the witness.

Kasper admitted it was "possible" that Andrew was the robber. He reiterated, however, that the robber looked like appellant as appellant appeared in the lineup photograph. And upon being shown a photograph of Andrew, Kasper stated that Andrew did not look like the robber. He further noted that appellant's appearance at trial was different from his appearance in the lineup photograph.

Sheldon initially denied the possibility that Andrew was the robber. He finally stated that it "could be possible" after appellant asked whether he was certain in his identification of appellant "beyond any doubt in your mind whatsoever." Upon looking at a photograph of Andrew on re-direct, Sheldon indicated that Andrew was not the robber, remarking "[t]his gentleman is much skinnier."

Chung did not waver in his identification of appellant at trial as the robber, and he was adamant that Andrew was not the perpetrator.

## Analysis

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

-

(citation omitted).  "When such evidence leads to the conclusion of guilt beyond a reasonable doubt, and excludes every reasonable hypothesis of innocence, it is sufficient to support a finding of guilty."  Avent v. Commonwealth, 209 Va. 474, 477, 164 S.E.2d 655, 657 (1968).  "This Court does not substitute its judgment for that of the trier of fact, and the trial court's judgment will not be set aside unless plainly wrong or without evidence to support it."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citation omitted).

"A conviction based upon a mere suspicion or probability of guilt, however strong, cannot stand."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).  But "[t]he Commonwealth is not required to exclude the possibility that another may have committed the crime."  Johnson v. Commonwealth, 15 Va. App. 73, 76, 422 S.E.2d 593, 594 (1992) (emphasis added), aff'd, 248 Va. 444, 448 S.E.2d 426 (1994); Parrish v. Commonwealth, 17 Va. App. 361, 365, 437 S.E.2d 215, 217 (1993) (noting that the Commonwealth need not "negate every possibility" of innocence).  The Commonwealth is "required only to establish guilt of the accused to the exclusion of a reasonable doubt."  Bridgeman, 3 Va. App. at 526-27, 351 S.E.2d at 600 (emphasis added).

In determining the sufficiency of evidence to support a conviction where a witness' identification is challenged, we look to the reliability factors enunciated in Neil v. Biggers,

-

409 U.S. 188 (1972), as significant circumstances that may be considered along with other evidence.  See Charity v. Commonwealth, 24 Va. App. 258, 262-63, 482 S.E.2d 59, 61 (1997).  These factors include

> the opportunity of the witness to view the
> criminal at the time of the crime, the
> witness' degree of attention, the accuracy
> of the witness' prior description of the
> criminal, the level of certainty
> demonstrated by the witness at the
> confrontation, and the length of time
> between the crime and the confrontation.

Biggers, 409 U.S. at 199-200.

"[E]vidence of a pre-trial identification is admissible and may be sufficient to overcome deficiencies existing in an in-court identification."  Martin v. Commonwealth, 210 Va. 686, 692, 173 S.E.2d 794, 799 (1970).

> An identification made by a victim or an
> eyewitness soon after a crime has been
> committed may be more objective and accurate
> and have greater probative value than one
> made later in court when unduly suggestive
> circumstances, if present, or the changed
> appearance of the defendant, might adversely
> affect the identifier's testimony.
> Moreover, the memory of a witness may fade
> . . . .

Niblett v. Commonwealth, 217 Va. 76, 82, 225 S.E.2d 391, 394 (1976).

Chung unequivocally identified appellant at trial as the robber and did not waver when asked whether it was possible Andrew was the culprit.  Although Kasper and Sheldon, when pressed, admitted it was possible that Andrew was the robber,

-

neither recanted his identification of appellant from the photo lineup. Moreover, there was evidence that appellant's appearance had changed from the date of the robbery and the date of trial.

We cannot say that the Commonwealth's identification evidence was inherently unreliable. Nor can we say that the jury was plainly wrong in believing this evidence. Accordingly, the judgment of the trial court will not be disturbed.

Affirmed.
