UPON A REHEARING EN BANC
BUMGARDNER, Judge.
A jury convicted Christopher Charles Gaines of manslaughter on an indictment for first degree murder. It also convicted him of the use of a firearm while committing murder. The defendant only appealed his conviction of the firearm charge, which a divided panel of this Court reversed. Gaines v. Commonwealth, 38 Va.App. 326, 563 S.E.2d 410 (2002). We granted the Commonwealth a rehearing en bane and stayed the mandate of that decision. Upon rehearing en banc, we affirm the conviction.
The murder and firearm charges arose from a dispute that began when the defendant felt cheated in a drug purchase. The argument with his suppliers ended when the defendant shot the victim in his back at a distance of 98 feet. The single shot was lethal. The defendant contends the trial court erred by refusing an instruction intended to prevent inconsistent verdicts.[1]
*566 The finding instruction on first degree murder followed the format suggested in Model Jury Instructions — Criminal Instruction 38.700. It stated the elements of first degree murder in outline form using a separate numbered clause for each element. It also defined the lesser-included offenses by reference to the presence or absence of one of those clauses. The instruction outlined the elements of both degrees of manslaughter. The trial court gave separate instructions defining malice and explaining that malice was the difference between murder and manslaughter.
The finding instruction on use of a firearm while committing murder also followed the format suggested in Model Jury Instructions — Criminal.[2] It stated the two elements of the offense in separate numbered clauses. The offense consists of two elements: (1) use of a firearm; (2) while committing murder, rape, robbery, burglary, or abduction. Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994); Davis v. Commonwealth, 4 Va.App. 27, 30, 353 S.E.2d 905, 907 (1987). The instruction must specify one of the designated felonies. Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979).
The instruction given to the jury was a correct finding instruction for the facts of this case. It was an accurate and precise statement of the law. It specified the burden of proof and the degree of proof, it listed each element of the offense, and it defined the verdicts dictated by the possible alternative findings of fact. The instruction was not misleading or confus *567 ing. The defendant acknowledges the instruction as given was a correct statement of the law, and he does not contend that his revision modified its statement of the substantive law.
The instruction given succinctly stated that to convict the defendant of the firearm offense, the jury must find he was committing murder. The instruction did not permit inconsistent verdicts. Instructions should be “simple, impartial, clear and concise----” Bryant v. Commonwealth, 216 Va. 390, 392, 219 S.E.2d 669, 671 (1975). When they are, they do not need clarification. Joseph v. Commonwealth, 249 Va. 78, 89-90, 452 S.E.2d 862, 869-70 (1995).
A trial judge does not abuse his discretion by failing to modify a correct statement of the law on the mere chance that a jury may not follow clearly written instructions. We presume the jury will understand, Rinehart & Dennis Co. v. Brown, 137 Va. 670, 680, 120 S.E. 269, 272 (1923), and will follow their instructions, LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).
The defendant proffered a minor modification to the instruction that appended the parenthetical phrase “(not manslaughter)” to the second element of proof. The defendant maintained the modification was a clearer statement of the law because it would prevent the possibility of inconsistent verdicts.
The modification adopted the precise wording of the original instruction,[3] and only amended it by stating the antithesis. It appended a negative formulation to the affirmative statement of an element of proof. While the modification restated as a negative that which was already stated in the affirmative, it added no substance, no refinement, no nuance to the principle of law. Cf. Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (error to refuse to instruct on elements of shooting offense); Martin v. Commonwealth, 218 Va. 4, 7, *568 235 S.E.2d 304, 305 (1977) (error to refuse instruction that defendant has no burden of proof when he raised the defense of accident because Commonwealth has burden to prove killing not an accident).
The defendant’s instruction was no more or less correct than the instruction given. While it “was a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it.” Lincoln v. Commonwealth, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976). ‘When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.” Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984). See also Joseph, 249 Va. at 90, 452 S.E.2d at 870; Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 396 (1990).
The instructions clearly stated that murder was necessary to convict for the firearm charge. The defendant chose not to argue that to the jury. He did not request a separate cautionary instruction explaining that if the jury acquitted of murder, it must acquit of the firearm charge. As noted in Wolfe v. Commonwealth, 6 Va.App. 640, 645, 371 S.E.2d 314, 316 (1988), “there are sound tactical reasons why aii accused would not desire such an instruction and thus permit the jury to show leniency in convicting him of a lesser included offense of the primary felony; i.e., in this case voluntary manslaughter rather than murder.”
“The trial judge has broad discretion in giving or denying instructions requested.” John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed.1995). It was not an abuse of discretion to fail to give a cautionary instruction sua sponte in this case because tactically the defendant may not have wanted the point emphasized. “A reviewing court’s responsibility in reviewing jury instructions is ‘to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.’ ” Darnell v. Commonwealth, 6 Va.App. 485, 488, 370 S.E.2d 717, *569 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).
General verdicts permit the existence of inconsistent verdicts. A jury may acquit of the primary charge, but the findings necessary to make that decision logically prohibit a finding of guilt on a secondary charge. When deciding the primary charge, the jury found something not true that must be true to establish the secondary charge.
A separate instruction would have been one proper way to instruct the jury on the problem of inconsistent verdicts. The instruction needed to compel the logical relationship between the elements of the primary and the secondary offenses as defined in the respective finding instructions. The possibility of inconsistent verdicts would have been avoided with an instruction that linked the two charges: if you find the defendant not guilty of murder, then you shall find him not guilty of use of a firearm while committing murder.
The defendant tried to address the problem by modifying the finding instruction for the secondary charge. He specified one possible negative to the preceding affirmative declaration, but that did not effectively guide the jury. A finding instruction must be complete in itself! Outlaw v. Pearce, 176 Va. 458, 469, 11 S.E.2d 600, 605 (1940). Such a modification would need to list every alternative that applied to the case. In this case, it should have listed the not guilty alternative as well as lesser-included offenses. Even if the two word modification was sufficient, that technique would create problems in many cases. The list of negative alternatives could easily be lengthy and turn a precise statement of law into a cluttered and confusing one. The defendant’s instruction was not a proper way to address the problem that he sought to avoid, and he chose not to request a separate cautionary instruction.
Finally, the defendant contends the trial court erred in failing to set aside the firearm conviction.[4] He does not *570 challenge the sufficiency of the evidence, and he acknowledges that inconsistent verdicts have been approved. He argues that they cannot be approved in this case because the trial court erred in not granting his instruction. Because we have concluded the trial court did not err in refusing the defendant’s instruction, the premise of the argument fails and cannot form the basis for overturning the verdict.
Consistency in jury verdicts is not required. Dunn v. United States, 284 U.S. 390, 394, 52 S.Ct. 189, 76 L.Ed. 356 (1932).
Inconsistent verdicts ... present a situation where “error,” in the sense that the jury has not followed the court’s instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the [Commonwealth] is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.
United States v. Powell, 469 U.S. 57, 65, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984). Moreover, because Virginia is “ ‘more careful than most states to protect the inviolability and secrecy of jurors’ deliberations,’ a court, in a case like this, is unlikely to discover what motivated the jury.” Reed v. Commonwealth, 239 Va. 594, 598, 391 S.E.2d 75, 77 (1990) (affirming conviction of use of firearm during commission of robbery when defendant is acquitted of robbery) (quoting Caterpillar Tractor Co. v. Hulvey, 233 Va. 77, 82, 353 S.E.2d 747, 750 (1987)). See also Wolfe, 6 Va.App. at 650, 371 S.E.2d at 319-20 (affirming convictions of voluntary manslaughter and use of a firearm in the commission of murder); Gray v. Commonwealth, 28 Va.App. 227, 233, 503 S.E.2d 252, 255 (1998) (affirming convictions of involuntary manslaughter and use of a firearm in the commission of murder).
We conclude the trial court did not err in refusing the defendant’s instruction or in refusing to set aside the firearm conviction. Accordingly, we affirm.

Affirmed.

. The court granted Instruction 21, which provided, in part:
The Court instructs the jury that the defendant is charged with the crime of using a firearm while committing or attempting to commit murder. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
(1) That the defendant used a firearm; and (2) That the use was while committing or attempting to commit murder [ (not manslaughter) ].*
*566 If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty----

 The defendant’s proposed modification appears in brackets.

. The instruction was crafted from Instruction G18.700. That format appeared in Johnson v. Commonwealth, 20 Va.App. 547, 549-50, 458 S.E.2d 599, 600 (1995) (en banc). Though that appeal addressed a situation involving inconsistent verdicts, the decision never suggested that the pattern instruction was incorrect or incomplete, nor did it suggest the instruction was a proper vehicle for instructing about inconsistent findings.

. Both instructions referred to an attempt to commit murder though the facts did not fit that alternative. If the inclusion of those words was error, it was either invited or objection was waived.

. The panel opinion did not reach this argument since it found reversible error on the first issue.