COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Elder and Kelsey
Argued at Richmond, Virginia


DAVID MARK HALES
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2989-03-2        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                   MARCH 22, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Walter W. Stout, III, Judge

              Michael E. Hollomon for appellant.

              Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


        David M. Hales (appellant) appeals from his jury trial conviction for burglary.  On

appeal, he contends the court erroneously (1) refused to instruct the jury regarding the inferences

to be drawn from the fact that his fingerprint was found on a window at the scene of the

residential burglary and (2) concluded the evidence was sufficient to prove he was the burglar.

We hold the trial court's rejection of the proffered instruction was not error and that the evidence

was sufficient to support appellant's conviction.  Thus, we affirm.

                                   I.  FACTUAL BACKGROUND

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Viewed in this light, the evidence established that on November 18, 2003, a burglary took place at the home of William Malanima (Malanima). At 10:15 a.m. on the day of the burglary, both Malanima and his wife left the home separately within a short period of time. The home's doors and windows were secured when they left. When Malanima returned home at 1:15 p.m., he found the front door open. He knew his wife had not left it open, as "[s]he [was] very careful about things such as that." Malanima saw that a front window had been completely broken. The window was about five feet from the front door, and was accessible from the covered front porch that was about fifteen feet from the public sidewalk. When Malanima entered the house, he found that some of his computer equipment was missing from the dining room.

Detective Dexter Gadston, Sr. (Gadston) responded to the burglary, and concluded that the broken window was the point of entry and that the burglar threw an ashtray from the front porch through the window to break it. On the floor inside the home near the broken window, Gadston found three fingerprints on glass from the window. Two of the fingerprints did not provide sufficient information for an identification. However, an expert testified that the third fingerprint matched appellant's with 100% certainty. Malanima testified that he had cleaned the windows with Windex approximately one to two months prior to the burglary. He also testified that he did not know appellant and that he was not aware of appellant ever visiting his home for any reason.

## II. PROCEDURAL BACKGROUND

After the Commonwealth presented its evidence, appellant moved to strike on the ground that the evidence failed to prove that he was at the residence at the time of the burglary. The trial court denied the motion. Appellant presented no evidence and renewed his motion to strike on the same basis. The trial court took the motion under advisement.

The trial court then addressed the issue of jury instructions. Appellant proffered the following jury instruction:

> A latent fingerprint found at the scene of the crime tends to show that the accused was at the scene of the crime; however, only if the circumstances regarding the fingerprint show that the accused was at the scene of the crime at the time the crime was committed, may one rationally infer that the accused committed the crime.

The trial court refused the instruction because the standard "[is] not [']may one rationally infer.['] [That] is not what the standard is. You are giving them a different standard than what the law is. It is inappropriate for that reason."

The jury convicted appellant of breaking and entering. After excusing the jury, the trial court noted it still had appellant's motion to strike under advisement. The trial court again overruled the motion and stated:

> Mr. Malanima testified that he had cleaned the windows in September or October, that [appellant] had never been to the house, had no business at the house, legitimate business at the house, and hadn't been there to his knowledge. The print was found on the window. There are two sets of windows, an outer window and an inner window. The debris was found inside the house on the radiator. That is where the print was found.
>
> With those factors, the Court feels like the evidence is sufficient to go [to] the jury for them to make a decision on those circumstances.

The jury recommended a sentence of twenty years, which the trial court imposed. The trial court ordered that ten years of that sentence run concurrently with an unrelated sentence appellant was presently serving.

### III. JURY INSTRUCTION

"The purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict." Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997). "A proposed jury instruction submitted by a party, which constitutes an accurate

statement of the law applicable to the case, shall not be withheld from the jury *solely* for its nonconformance with model jury instructions."  Code § 19.2-263.2 (emphasis added); see Davis v. Commonwealth, 17 Va. App. 666, 673, 440 S.E.2d 426, 431 (1994).  However, a statement is "not necessarily proper language for a jury instruction" simply because it is "made in the course of a judicial decision."  Yeager v. Commonwealth, 16 Va. App. 761, 766, 433 S.E.2d 248, 250 (1993).

"'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc) (quoting John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)).  "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).  The trial judge commits error by not instructing the jury on a matter when, in the absence of such instruction, the jury may make findings based upon a mistaken belief of the law.  See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977).

However, where a proffered instruction contains a "correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it."  Lincoln v. Commonwealth, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976).  "'When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'"  Gaines, 39 Va. App. at 568, 574 S.E.2d at 778 (quoting Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984)).

Here, appellant's proffered instruction advised the jury that the presence of the accused's fingerprint at the scene of a crime "tends to show that the accused was at the scene of the crime" but that "only if the circumstances regarding the fingerprint show" the accused was there "at the time the crime was committed" may the jury "rationally infer that the accused committed the crime." Assuming without deciding this instruction embodied an accurate statement of the law, this legal principle was (1) likely to be obvious to any rational juror applying his or her common sense and (2) covered by other, more general jury instructions, which allowed counsel for appellant to argue these principles forcefully to the jury in closing argument. Thus, we hold the trial court's refusal to give the proffered instruction did not constitute an abuse of discretion.

The trial court gave standard jury instructions that the accused is presumed innocent, that suspicion or probability of guilt is insufficient, and that an accused has no burden to produce any evidence. It also instructed the jury that circumstantial evidence will support a conviction only if the evidence excludes every reasonable theory of the accused's innocence. Based on these instructions, appellant argued to the jury that, assuming the fingerprint on the window was appellant's, "[t]he whole case boils down to this; when was that fingerprint placed on the window?" Appellant also urged the jury not to

> let [the Commonwealth] say they know that print was placed [on the window] [the] day [of the burglary]. That is not a true statement. They have to admit to you that it is possible that that print could have been there a week before, a month before, two months before. Don't let them try to convince you otherwise.
>
> There is a serious lack of evidence in this case, folks. We can't be sure about that print. We can't be sure more importantly about the time of the print. That is what this whole case comes down to.

We note that "[i]nstructions should be 'simple, impartial, clear and concise . . . .' When they are, they do not need clarification. . . . We presume the jury will understand and will follow their instructions." Gaines, 39 Va. App. at 567, 574 S.E.2d at 777 (quoting Bryant v.

- 5 -

Commonwealth, 216 Va. 390, 392, 219 S.E.2d 669, 671 (1975) (citations omitted)).  Applying these principles here, we conclude the trial court did not abuse its discretion in refusing appellant's proffered instruction.

## IV.  SUFFICIENCY OF THE EVIDENCE

In reviewing a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

> "A latent fingerprint found at the scene of the crime, shown to be that of the accused, tends to show that he was at the scene of the crime.  The attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed.  If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, that the accused was the criminal agent."

Avent v. Commonwealth, 209 Va. 474, 479-80, 164 S.E.2d 655, 659 (1968) (quoting Lawless v. State, 241 A.2d 155, 160 (Md. Ct. Spec. App. 1968) (footnote omitted)).  These "other circumstances" "'need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed.'"  Id. (quoting Lawless, 241 A.2d at 159-60).

The Supreme Court applied these principles to affirm a conviction in Avent.  Avent involved the burglary of a clothing warehouse.  Id. at 475, 164 S.E.2d at 656.  The evidence established the perpetrator gained entry "by breaking a window . . . the bottom casement [of

which was] approximately 7 feet from the ground or street level." Id. Avent's fingerprint was obtained from the glass, and the business' personnel manager testified "that he did not know defendant Avent; that defendant to his knowledge, extending over 32 years, had never worked for [the company], and would have no business being on the premises there." Id. In affirming the conviction, the Court observed as follows:

> By the mode of entry, the location of the window, and the positive identification of the print on the broken pane, it was a rational inference that defendant was there unlawfully, and there was no evidence to the contrary. Defendant was not an employee [of the company] and had no business in or around the premises. The height of the window shows it was not designed to attract a view of the inside by the general public or by people passing along the street. It could be reached and touched only by conscious and deliberate effort. Admittedly, from the evidence it would have been *possible* for defendant to have reached the window and impressed his fingerprints thereon at a time other than when the building was burglarized. However, . . . the law [does not] requir[e] that the Commonwealth affirmatively and conclusively negate every possibility that defendant, who was shown to have been at the scene of the crime by his fingerprint, was present other than at the time of the commission of the crime. The trial court concluded that the fingerprint evidence was sufficient to convict when coupled with evidence of other circumstances which tended to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime[, and] . . . [w]e are unable to say there is no legally sufficient evidence . . . .

Id. at 480-81, 164 S.E.2d at 659-60.

Similarly in appellant's case, the circumstances surrounding the fingerprint found on the broken window of the victim's residence supported the inference that it was left by the perpetrator at the time of the burglary, permitting the trial court's finding that appellant was the burglar. The Commonwealth's fingerprint expert testified she was "100 percent [certain]" that the print was appellant's. The broken window glass on which appellant's print was impressed was inside the house on the radiator near the point of entry. It was five feet away from the residence's front door and at least fifteen feet from the sidewalk adjacent to the property. The

victim testified that he had washed the window in question no more than two months prior to the burglary. He testified further that, "to [his] knowledge," appellant had never been to the residence for any legitimate reason. The burglarized premises in this case was a private residence rather than a business establishment as in Avent, making it even less likely that appellant could have had a legitimate reason for being on the premises without the victim's knowledge. The only reasonable hypothesis flowing from this evidence, viewed in the light most favorable to the Commonwealth, is that appellant was the person who broke and entered the victim's home and stole his computer equipment.

For these reasons, we conclude the trial court did not err by refusing the proffered jury instruction and convicting appellant as the burglar. Thus, we affirm the conviction.

Affirmed.

Elder, J., concurring, in part, and dissenting, in part.

I concur in the majority's ruling that the trial court's rejection of the proffered fingerprint instruction was not error. However, I believe the fingerprint evidence was insufficient to support appellant's conviction for burglary. Thus, I respectfully dissent from this portion of the majority's opinion.

When a conviction is based entirely on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence, [and] [t]he circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt." Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987). If facts are susceptible to two different interpretations, "one of which is consistent with the innocence of the accused, the jury or the judge trying the case cannot arbitrarily adopt the interpretation which incriminates him." Williams v. Commonwealth, 193 Va. 764, 772, 71 S.E.2d 73, 77 (1952). Instead, "[t]he interpretation more favorable to the accused should be adopted unless it is untenable under all the facts and circumstances of the case." Id.

Evidence that the accused's fingerprint was found at the scene of the crime "'"must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime."'" Avent v. Commonwealth, 209 Va. 474, 479, 164 S.E.2d 655, 659 (1968) (quoting Lawless v. State, 241 A.2d 155, 158 (Md. Ct. Spec. App. 1968) (quoting McNeil v. State, 176 A.2d 338, 339 (Md. 1961))). These "other circumstances" "'need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or

premises where it was found and the accessibility of the general public to the object on which the print was impressed.'" Id. (quoting Lawless, 241 A.2d at 159-60).

In the case of commercial premises or an object that was once in the stream of commerce, Virginia's appellate courts have found it equally plausible, absent specific evidence to the contrary, to conclude that a defendant left his fingerprint on the premises or object in any number of innocent ways. See, e.g., Granger v. Commonwealth, 20 Va. App. 576, 459 S.E.2d 106 (1995) (holding evidence of defendant's fingerprint on broken bottle of liquor used to incapacitate robbery victim was insufficient to exclude hypothesis that defendant may have handled the bottle for an innocent purpose before the robbery); Varker v. Commonwealth, 14 Va. App. 445, 417 S.E.2d 7 (1992) (holding evidence of defendant's hand print on wall inside dance studio but outside office broken into was insufficient to permit inference that he left print contemporaneously with break-in). Although claims of innocence are less plausible in cases involving fingerprints found at *residential* premises, the mere fact that a fingerprint is found *outside* a *residence* does not, without further evidence, exclude the reasonable hypothesis that the person who left the print did so while present for an innocent purpose. As the Georgia Court of Appeals has acknowledged,

> The mere finding of the defendant's fingerprints on a window
> which has been broken to gain access to the house, when there are
> other fingerprints on the window, and where those in question
> could have been lawfully made by the defendant, the window
> being so situated as to make it accessible to the public generally, is
> not sufficient to form the basis of a conviction.

Anthony v. State, 68 S.E.2d 150, 152 (Ga. Ct. App. 1951) (involving theft of money from pinball machine "located in a place of business where the public are invited").

Here, the Commonwealth's fingerprint expert was "100 percent [certain]" that the print was appellant's, but she admitted it was impossible to "tell the age of a fingerprint." The window on which appellant's fingerprint was found was readily accessible from the duplex's

- 10 -

covered front porch, which was about fifteen feet from the public sidewalk that ran along "the whole block of Grace Street" on which the Richmond duplex was located. The homeowner's testimony presumably eliminated the possibility that appellant left the fingerprint while present to perform some task for which the homeowner had hired him. Nevertheless, the evidence did not exclude the reasonable hypothesis that appellant left the fingerprint on the outside of the window while present on the front porch for an innocent purpose unknown to the homeowner, such as to deliver a package, sell magazine subscriptions, attempt to obtain a charitable contribution, or seek shelter from the rain. The homeowner admitted that "if a person were to walk up to [his] door, knock on the door, and if no one was home, if they were to look in the window, peer in the window like so, they would only have to move maybe four or five feet down the front porch" in order to do so.

The facts in appellant's case are distinguishable from those in Avent, in which the window bearing the fingerprint was located at such a height that "[i]t could be reached and touched only by conscious and deliberate effort" and the personnel officer of the burglarized company testified Avent had never been a company employee or had any legitimate reason for coming in contact with the window. 209 Va. at 480, 164 S.E.2d at 659. The facts of appellant's case also are distinguishable from those in Turner v. Commonwealth, 218 Va. 141, 147-48, 235 S.E.2d 357, 360-61 (1977), in which the fingerprint found on a flashlight at the scene was left in blood, providing sufficient evidence to indicate the print was left contemporaneously with the break-in and bloody beating for which the defendant was on trial. Finally, they are distinguishable from those in Tyler v. Commonwealth, 254 Va. 162, 167, 487 S.E.2d 221, 224 (1997), in which the defendant's fingerprints were found on *both sides* of five different pieces of a store's broken plate glass window, in positions indicating they were left on the glass only *after*

it had been shattered, as the perpetrator removed the remaining shards so as to be able to enter to commit the burglary without cutting himself.

Rather, the facts in appellant's case are more like those in <u>Varker</u>, in which the fingerprint of the accused was found on the wall of a dance studio outside the door to the burglarized business and we concluded the evidence was insufficient to support a conviction.  14 Va. App. at 447-48, 417 S.E.2d at 9.  The Commonwealth contends <u>Varker</u> is distinguishable from appellant's case because Varker provided testimony giving an innocent explanation for his presence at the location where his fingerprint had been found.  This factual distinction lacks legal significance.  The trier of fact in <u>Varker</u> was entitled to reject Varker's explanation as not credible, and this Court, on appeal, was required (1) to assume the trier of fact did just that and (2) to proceed based solely on other evidence--the presence of Varker's fingerprint and Varker's statements that were alleged to have constituted an admission of guilt.  We held this evidence was insufficient to support Varker's conviction.  <u>Id.</u>

Here, the presence of appellant's fingerprint on the window of the burglarized residence established appellant was *at the scene* of the burglary, but it did not sufficiently establish he was there *at the time* of the burglary.  The evidence did not exclude the reasonable hypothesis that appellant left his fingerprint on the window at some other time, either in the two months since the homeowner had cleaned the window or at some time prior to that but on a portion of the window the homeowner did not clean sufficiently.  Further, no evidence established that the print was left on the *inside* of the window, which evidence would have been sufficient, coupled with the homeowner's testimony that appellant had no legitimate business inside the premises, to prove it was left at the time of the burglary.  <u>See, e.g.</u>, <u>Mallard v. State</u>, 531 S.E.2d 774, 776 (Ga. Ct. App. 2000) (holding evidence sufficient to support conviction where defendant's fingerprints were found on outside and inside of victim's kitchen window pane, victim testified defendant

lacked permission to be on premises, and evidence established defendant could not have handled glass *after* break-in at time he claimed to have done so).

The fingerprint evidence is highly suspicious, but I believe a holding that the unexplained presence of one's fingerprint on a readily accessible portion of a residential window is sufficient, without more, to support a burglary conviction would impermissibly shift the burden of proof. See Bizzoco v. Commonwealth, 27 Va. App. 513, 500 S.E.2d 237 (1998) (recognizing principle that "[w]hen the Commonwealth relies solely on fingerprint evidence to identify a criminal agent, it bears the burden of excluding every reasonable hypothesis of innocence" flowing from the evidence and upholding conviction where evidence of fingerprints found outside window of burglarized residence was *accompanied* by defendant's denial that he could have left the prints in any legitimate visit to the premises and his statement to police that he was at home on the night of the offense when the officer had not told him the date or time of the crime). In the absence of evidence that appellant left his print on the window *at the time of the burglary*, the evidence was insufficient to exclude the reasonable hypothesis that the burglary was committed by someone else. Compare Turner, 218 Va. at 148-49, 235 S.E.2d at 361 (holding presence of fingerprint in blood on flashlight at scene of break-in and bloody beating was sufficient to establish accused was present *at time of crimes* and that, absent accused's production of credible evidence to negate this hypothesis, this was only hypothesis *flowing from evidence* and was sufficient to support conviction, despite accused's argument, unsupported by any evidence, that blood could have been animal blood left on flashlight as result of use during hunting trip, theory that still did not explain how flashlight itself came to be in victim's home).

Thus, I would hold the presence of appellant's fingerprint on one side of a piece of glass from the broken window--which, although it had been washed two months earlier, was located adjacent to the residence's front door and at a height easily reachable by anyone wishing to peer

into the window from the covered front porch, itself located only 15 feet from a sidewalk spanning the entire block--was insufficient to support appellant's conviction because "there was no 'evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime.'" Granger, 20 Va. App. at 578, 459 S.E.2d at 107 (quoting Avent, 209 Va. at 480, 164 S.E.2d at 658).

For these reasons, I respectfully dissent from the portion of the majority opinion concluding the evidence was sufficient to support appellant's burglary conviction.